**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAMES CORNELIUS CHRISTIAN,

    Defendant - Appellant.

No. 18-6069
(D.C. No. 5:17-CR-00068-R-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **HOLMES**, and **MATHESON**, Circuit Judges.

Defendant-Appellant James Cornelius Christian was found guilty of one

count of being a felon in possession of a firearm in violation of 18 U.S.C.

§ 922(g)(1) and received an enhanced sentence under the Armed Career

Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), of 235 months' imprisonment.

After Mr. Christian filed a pro se request for direct appeal, his counsel filed

---

    [*]    After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

both a motion to withdraw and an appellate brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), to which Mr. Christian then filed a response. For the reasons that follow, we **affirm** the judgment of the district court. We also **grant** the request of Mr. Christian's counsel to withdraw.

**I**

In February 2017, Mr. Christian sold a 9mm pistol in the parking lot of an Oklahoma City, Oklahoma, Lowe's to an agent from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). The transaction was the culmination of negotiations that were conducted through recorded phone calls and text messages and brokered by a paid confidential informant. In March 2017, a one-count indictment was filed in the United States District Court for the Western District of Oklahoma charging that Mr. Christian, a convicted felon, violated 18 U.S.C. § 922(g)(1) by knowingly possessing a 9mm pistol. In May 2017, a two-count superseding indictment was filed which added another felon-in-possession charge for knowingly possessing a second pistol that had also been discussed with the ATF agent.

At his October 2017 trial, Mr. Christian testified that he had been entrapped and was thus not guilty of either count. According to Mr. Christian, the confidential informant befriended him a year prior, and they quickly developed a close, sexual relationship. He stated that she supplied

him with drugs and money but constantly pressured him to acquire guns and to help her to sell them, leading him to eventually acquiesce. The district court subsequently instructed the jury on entrapment as to both counts, and the jury, through a general verdict, found Mr. Christian guilty with respect to Count Two but not guilty with respect to Count One.

At sentencing, Mr. Christian's Guidelines imprisonment range was 235 to 295 months. He objected to his Presentence Investigation Report on the grounds that he should receive a downward adjustment for acceptance of responsibility, and defense counsel also filed a motion for a downward departure or variance. The district court overruled the objection, denied the departure and variance requests, and imposed a sentence of 235 months' imprisonment.

Two days after he received his sentence, Mr. Christian timely filed a pro se request for a direct appeal. His counsel subsequently filed an *Anders* brief and a motion to withdraw, and Mr. Christian filed a brief in response.

## II

In *Anders*, the Supreme Court held that, if defense counsel determines that their client's appeal is "wholly frivolous," they "should so advise the court and request permission to withdraw." 386 U.S. at 744. As part of this process, counsel must also submit "a brief referring to anything in the record

3

that might arguably support the appeal," and the client may then choose to offer additional arguments in response to counsel's *Anders* brief. *Id.* At that point, the court must conduct "a full examination of all the proceedings" and determine whether the case is indeed "wholly frivolous." *Id.*

In his *Anders* brief, Mr. Christian's counsel identifies the following potentially appealable issues, none of which, according to his counsel, is nonfrivolous: (A) Mr. Christian was wrongfully convicted because the evidence used against him was discovered through entrapment, (B) Mr. Christian received an unreasonably excessive sentence, and (C) a variety of Mr. Christian's rights were violated during the prosecution of his case. In his pro se response to counsel's *Anders* brief, Mr. Christian repeats some of these claims and adds another: (D) Mr. Christian received ineffective assistance of counsel. We address each of these four issues below.

## A

Mr. Christian states that he was found not guilty on Count One "based on an entrapment defense," and thus his arrest was "illegal" and his case "void ab initio." Resp. to *Anders* Br. at 1. Specifically, Mr. Christian seeks to apply the exclusionary rule as a remedy for his ostensible entrapment: Were it not for the entrapment and therefore "illegal" arrest, he argues, the evidence

that was the basis for Count Two would not and could not have been discovered.

Mr. Christian's claim cannot succeed for two independent reasons. The first is that his contention that he was found not guilty on Count One *based* on an entrapment defense "is necessarily speculative. Because the jury returned a general verdict, [Mr. Christian] can only speculate on which bases the jury" found him not guilty. *Ryan Dev. Co., L.C. v. Indiana Lumbermens Mut. Ins. Co.*, 711 F.3d 1165, 1172 (10th Cir. 2013); *see also United States v. Alexander*, 817 F.3d 1205, 1214 (10th Cir. 2016) (stating that a general verdict makes it "impossible to determine which basis the jury actually relied upon" in reaching its determination).

Second, even if Mr. Christian definitively had been acquitted on the basis of entrapment, the exclusionary rule would still not apply. After all, "the principal reason behind the adoption of the exclusionary rule was the Government's 'failure to observe its own laws.'" *United States v. Russell*, 411 U.S. 423, 430 (1973) (quoting *Mapp v. Ohio*, 367 U.S. 643, 659 (1961)); *see also United States v. Knox*, 883 F.3d 1262, 1273 (10th Cir. 2018) (describing the exclusionary rule as "a disincentive for law enforcement to engage in unconstitutional activity"). Such a governmental failure to act lawfully does not necessarily inhere in the entrapment setting; more specifically, the entrapment defense "'focuses on the intent or predisposition

5

of the defendant' rather than on a judgment about the propriety of the conduct of government agents." *United States v. Dyke*, 718 F.3d 1282, 1285 (10th Cir. 2013) (Gorsuch, J.) (internal alterations omitted) (quoting *Russell*, 411 U.S. at 429); *cf. id.* ("The Supreme Court has since reminded us—regularly—that we are not to reverse convictions simply to punish bad behavior by governmental agents, but should do so only when the bad behavior precipitates serious prejudice to some recognized legal right of the particular defendant before us."). In sum, Mr. Christian's invocation of the remedial scheme of the exclusionary rule to provide relief regarding his ostensible showing of entrapment as to Count One is predicated on an "analogy" between the two doctrines that is fundamentally "imperfect" and unpersuasive. *Russell*, 411 U.S. at 430.

**B**

Mr. Christian's counsel suggests that Mr. Christian believes his sentence is excessive. *See Anders* Br. at 3. But, as counsel also suggests, no nonfrivolous basis exists for challenging Mr. Christian's sentence.

This Court reviews sentences for reasonableness, applying a deferential abuse-of-discretion standard, *see, e.g.*, *United States v. Sayad*, 589 F.3d 1110, 1116 (10th Cir. 2009), and sentences imposed within the correctly calculated Guidelines range may be presumed reasonable on appeal, *see, e.g.*, *United*

6

*States v. Haley*, 529 F.3d 1308, 1311 (10th Cir. 2008). Mr. Christian's Guidelines range was 235 to 293 months, and he received a 235-month sentence. We detect nothing that suggests the Guidelines range was incorrectly calculated, or that Mr. Christian can rebut the sentence's presumptive reasonableness.

The district court's clearly discretionary decision to deny Mr. Christian a downward departure is unreviewable. *See United States v. Angel-Guzman*, 506 F.3d 1007, 1019 (10th Cir. 2007) ("Even after *Booker*, '[t]his court has no jurisdiction . . . to review a district court's discretionary decision to deny a motion for downward departure on the ground that a defendant's circumstances do not warrant the departure.'" (alteration and omission in original) (quoting *United States v. Fonseca*, 473 F.3d 1109, 1112 (10th Cir. 2007)). And though we may review the district court's decision to deny Mr. Christian a downward variance, *see, e.g.*, *United States v. Godinez-Perez*, 864 F.3d 1060, 1069 (10th Cir. 2016), there is no indication that the district court abused its discretion in this denial.

## C

Mr. Christian and his counsel mention a host of other potential claims relating to the prosecution of his case. These include arguments that his Fourth Amendment rights were violated through an improper execution of a

warrant and an illegal search and seizure; that his Fifth Amendment rights were violated through compelled self-incrimination; that his Sixth Amendment rights were violated because he was denied evidence in his favor despite making a request for it; that his due process rights were violated because he was not aware of the allegations and evidence to be used against him; that the government tampered with evidence and lied about which witnesses it planned to use; that, in a letter to defense counsel, the government made reference to the ACCA in order to threaten him and entice him to plead guilty; and that his continued detention violates his Thirteenth Amendment rights. *See* Resp. to *Anders* Br. at 1–2; *Anders* Br. at 17–18.

After thoroughly examining the record and the applicable law, we find that there is no viable basis for any of these claims.

**D**

Finally, Mr. Christian repeatedly claims ineffective assistance of counsel. *See* Resp. to *Anders* Br. at 1–3, 5. But ordinarily such claims should be brought in a collateral proceeding; when brought on direct appeal, ineffective assistance of counsel claims are "presumptively dismissible, and virtually all will be dismissed." *United States v. Wells*, 873 F.3d 1241, 1271 (10th Cir. 2017) (quoting *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc)). This is to ensure that we review ineffective assistance

8

of counsel claims only when the factual record is fully developed, and further because "[a]n opinion by the district court is a valuable aid to appellate review for many reasons, not the least of which is that in most cases the district court is familiar with the proceedings and has observed counsel's performance, in context, firsthand." *United States v. Brooks*, 438 F.3d 1231, 1242 (10th Cir. 2006) (quoting *Galloway*, 56 F.3d at 1240).  We discern nothing here that justifies making an exception to this principle.

## III

Our careful review of the *Anders* brief, Mr. Christian's response brief, and the record leads us to the conclusion that there are no nonfrivolous grounds to support this appeal.  We thus **AFFIRM** the district court's judgment and **GRANT** counsel's motion to withdraw.


ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge